**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT MEMPHIS**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: _____ |
| | ) | |
| KATINA TENORT d/b/a THE BAR OF | ) | |
| NORTH MEMPHIS, INC; THE BAR OF | ) | |
| NORTH MEMPHIS INC.; BELZ | ) | |
| INVESTCO GP; | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW your Plaintiff, Nautilus Insurance Company ("Nautilus" or "Plaintiff") and for its Complaint for Declaratory Judgment in this cause states as follows:

**PRELIMINARY STATEMENT**

1.  This is a Declaratory Judgment action.  It arises out of demands by defendants, Katina Tenort d/b/a The Bar of North Memphis, Inc. ("Ms. Tenort"), Ms. Tenort's business, the Bar of North Memphis, Inc. ("Bar of North Memphis") and by defendant, Belz Investco GP ("Belz GP")  that Nautilus indemnify and provide a defense to the Bar of North Memphis and Belz GP, pursuant to a Commercial General Liability Policy issued by Nautilus to Katina Tenort d/b/a The Bar of North Memphis. These demands concern a civil lawsuit filed in state court against the Bar of North Memphis and Belz GP.

2.  Nautilus contends, and seeks this Court's declaration, that based upon the terms, conditions, and exclusions contained in the applicable Commercial General Liability Policy there is no insurance coverage for the claims in the underlying lawsuit asserted against said defendants

and, therefore, Nautilus has no obligation to defend or indemnify Ms. Tenort, the Bar of North Memphis or Belz GP with respect to the underlying lawsuit.

## JURISDICTION AND VENUE

3.     Nautilus files this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) (1). Upon information and belief, the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5.     There is complete diversity of citizenship between Nautilus, Ms. Tenort, and Belz GP.

6.     Venue in this District is proper under 28 U.S.C. §1391(a) & (c). The Bar of North Memphis maintains its principal place of business within this judicial district.  Similarly, all of defendants are believed to reside or otherwise maintain their principal place of business in this judicial district.

7.     The Bar of North Memphis and Belz GP have asserted that they are entitled to indemnification and defense pursuant to the Nautilus Commercial General Liability Policy at issue. As hereafter explained, Ms. Tenort also has an interest in the declaration of coverage for this dispute. An actual case in controversy of a justifiable nature exists between the parties involving the rights and obligations of the parties under the Nautilus Commercial General Liability Policy.

8.     Because of the disagreement between the parties as to whether insurance coverage is afforded or excluded pursuant to the insurance policy at issue, Nautilus is entitled to bring this case pursuant to 28 U.S.C. §2201.

2

**THE PARTIES**

9.      Nautilus is an insurance provider incorporated in the State of Arizona, with its principal place of business located in the State of Arizona.

10.     Upon information and belief, the Bar of North Memphis is a Tennessee corporation, with its principal place of business located at 2504 Malone Avenue, Memphis, Tennessee 38114-0000.  Ms. Tenort is believed to be the principal shareholder and President of the Bar of North Memphis and maintains a business at 2504 Malone Avenue, Memphis, Tennessee 38114.

11.     Upon information and belief, the Belz GP is a Tennessee General Partnership located at 100 Peabody Place, Suite 1400, Memphis, Tennessee 38103.

**FACTUAL ALLEGATIONS**

12.     A Nautilus Commercial General Liability Policy was issued to Katina Tenort d/b/a The Bar of North Memphis identified as Policy Number NN237847 ("the Nautilus Insurance Policy" or the "Nautilus Policy") for a policy period of May 27, 2012, through May 27, 2013.

13.     A copy of the Nautilus Insurance Policy is attached hereto as Exhibit A.  The terms, conditions and exclusions of the Nautilus Insurance Policy speak for themselves and are best evidence of their own terms, to which reference is hereby made.

14.     The Nautilus Policy also includes an "Additional Insured" provision. The scheduled Additional Insured under the Nautilus Policy is "Belz Investco LP" with an address of P.O. Box 3661, Memphis, Tennessee.[1]

---

[1] Belz LP is a Limited Partnership or similar type entity with an address of Post Office Box 3661, Memphis, Tennessee 38173. Belz LP also has a reported address of 5118 Park Ave., Memphis, Tennessee 38117.  Belz Investco GP and Belz Investco LP are separate legal entities.  Belz Investco LP is not a party

15.     Belz Investco LP is a different legal entity than Belz GP.

16.     Belz GP is not identified as a scheduled "Additional Insured" on the Nautilus Policy.

## THE UNDERLYING LITIGATION

17.     Nautilus has been notified of a civil lawsuit filed against the Bar of North Memphis and Belz GP that was filed on or about October 10, 2013 in the Circuit Court for Shelby County, Tennessee relating to an assault and battery that allegedly occurred on the premises of the Bar of North Memphis on approximately October 12, 2012.  The lawsuit is styled Roderick Brown v. The Bar of North Memphis, Inc. and Belz Investco GP, Cause No. CT 00440273 (the "Brown Complaint").   A copy of the Brown Complaint is attached hereto as Exhibit B.

18.     The Brown Complaint arises out of and includes allegations involving a shooting of Mr. Brown which occurred on the premises of the Bar of North Memphis.  The property where the shooting occurred was owned by Belz GP.  The Bar of North Memphis was the tenant of the property and operated the business as the leaseholder.[2]

19.     The specific allegations of Brown Complaint speak for themselves and are best evidence of their own terms to which reference is made for the purposes of examining said allegations.

20.     The plaintiff in the Brown Complaint contends that the Bar of North Memphis was negligent by failing to provide appropriate security personnel, and includes a variety of allegations, the gravamen of which is that the Bar of North Memphis failed to provide adequate

_____

to the underlying lawsuit filed by Mr. Brown. Belz Investco LP is not a party to this Declaratory Judgment action.

[2] Belz GP, as owner, originally entered into a lease on August 4, 2008, with Ms. Tenort for the operation of a business on the property by Ms. Tenort.  Ms. Tenort, with the consent of Belz GP, subsequently assigned the lease to the Bar of North Memphis on July 16, 2009.

security to prevent the assault from occurring and failed to adequately screen dangerous patrons from entering onto the premises.

21.    The plaintiff in the Brown Complaint also sued Belz GP because Belz GP "owned, operated, and/or controlled" the parking lot used by the Bar of North Memphis.  Mr. Brown alleges in his complaint that Belz GP was also negligent by failing to provide appropriate security personnel to prevent the assault from occurring and it alleges that Belz GP negligently failed to screen dangerous patrons from coming onto the premises, and negligently allowed the Bar of North Memphis to operate without adequate security.

22.    Belz GP, through Constitutional State Services, a third party administrator for Belz GP, has asserted that the Bar of North Memphis and Ms. Tenort must defend and indemnify Belz GP in Mr. Brown's lawsuit pursuant to the terms of the lease agreement for the property.

23.    Belz GP has not claimed that it is a scheduled Additional Insured under the Nautilus Policy.

24.    The Nautilus Policy contains Form CG 0001 12-04, "Section I – Coverages, Coverage A Bodily Injury and Property Damage, 2. Exclusions, b. Contractual Liability."  In general terms, the latter provision of the Nautilus Policy excludes coverage for defense and indemnification for damages which an insured is required to pay because the insured party assumed the liability of another person or entity and damages based upon a contractual agreement unless such agreement is an "insured contract."

25.    The Nautilus Policy also includes Endorsement Form L216 07/09 "Amendment of Definitions –Insured Contract (Limited Form)."  In general, this provision amends the definition of an "insured contract" to include  that part of any contract which an insured agrees to assume

tort liability of another party provided that such damages were caused in whole or in part by the insured or someone acting on behalf of the insured.

26.     Belz GP asserts that it is entitled to a defense and indemnification because its lease of the property to the Bar of North Memphis is an "insured contract" under the terms of the Nautilus Policy.

27.     This "insured contract" provision permits coverage in appropriate circumstances for the insured to satisfy its contractual obligations to another party within the limits of the Nautilus Policy, provided that such coverage is not otherwise excluded pursuant to the terms and conditions of the Nautilus Policy.

28.     The person or entity claiming the benefit of the "insured contract" provision under the Nautilus Policy, however, remains subject to the exclusions of the Nautilus Policy.

29.     Although Belz GP claims that it is entitled to a defense and indemnification because of the "insured contract" provision, Belz GP's claim remains subject to the exclusions of the Nautilus Policy.

30.     After reviewing the Brown Complaint, Nautilus concluded that coverage and indemnification benefits were excluded for any insured entity or person under the terms, conditions and exclusions of the Nautilus Policy.

31.     By letter dated December 17, 2013, Nautilus notified Katina Tenort d/b/a Bar of North Memphis that Nautilus would not be providing a defense or indemnification for the losses alleged in the Brown Complaint because such coverage was excluded under the terms of the Nautilus Policy.  A copy of the letter bearing a date of December 17, 2013, from Nautilus to explaining the reasons for the exclusion is attached hereto as Exhibit C, to which reference is hereby made.

## REQUEST FOR DECLARATORY JUDGMENT

32.     Nautilus re-alleges the allegations of paragraphs 1 - 31 as if fully set forth herein.

33.     Pursuant to the terms, conditions and exclusions of the Nautilus Policy, Nautilus has no duty to defend or otherwise indemnify Ms. Tenort, the Bar of North Memphis or Belz GP based upon allegations and damages sought by the plaintiff in the Brown Complaint.

34.     Coverage is excluded for the allegations and damages of the Brown Complaint pursuant to form L210 (02/08) entitled: "Exclusions – "ALL ASSAULT OR BATTERY", which provides in pertinent part as follows:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### EXCLUSION - ALL ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following exclusion is added to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability,** and **Coverage C - Medical Payments:**

Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

1.  Actual or alleged assault or battery;

2.  Physical altercation; or

3.  Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

This exclusion applies regardless of whether such actual or alleged damages are caused by any:

1.  Insured;

2.  "Employee";

3.  Patron; or

4.  Any other person; and

whether or not such damages occurred at any premises owned or occupied by any insured.

This exclusion applies to:

1.  All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.

2.  Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:

    a.  Emotional distress for loss of society, services, consortium or income; or

    b.  Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

3.  Any obligation to share damages with or repay someone who must pay damages because of the injury.

B.  We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation.

All other terms and conditions of this policy remain unchanged.

35.     Coverage for the named insured, Katina Tenort d/b/a The Bar of North Memphis is excluded for the allegations of the Brown Complaint under the Nautilus Policy because of the Assault or Battery Exclusion.

36.     The Assault or Battery Exclusion also excludes coverage for the insured's obligation to Belz GP pursuant to the "insured contract" provision of the Nautilus Policy.

37.     Coverage is also excluded for Medical Payments under the Nautilus Policy. Medical Payments are referenced in Coverage Form CG 0001 12-04, "Section 1 -1 Coverages, Coverage C Medical Payments 1. Insuring Agreement, and 2 Exclusions, g. Coverage A Exclusions" of the Nautilus Policy.  This portion of the Nautilus Policy excludes coverage for medical expenses for "bodily injury," that are excluded under Coverage A Bodily Injury and Property Damage Liability.

38.     Coverage is also excluded under the policy for any damages which are sought or may be sought in the Brown Complaint for punitive and/or exemplary damages pursuant to Endorsement Form L217 (06/07) entitled "Exclusion – Punitive Or Exemplary Damages."

39.     An actual and judiciable controversy exists between Nautilus, on the one hand, and Ms. Tenort, Bar of North Memphis, and Belz Investco GP on the other hand, concerning whether Nautilus has a duty to defend and/or provide indemnity benefits to such defendants in the underlying lawsuit filed by Mr. Brown.

40.     Nautilus seeks a judicial declaration that it has no contractual obligation under the Nautilus Policy to provide a defense or otherwise indemnify Ms. Tenort, Bar of North Memphis, and Belz Investco GP with respect to any claims arising out of the Brown Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Nautilus requests that this Court declare as follows:

    A.  Coverage under the Nautilus Policy is excluded for the allegations and damages pursuant to form L210 (02/08) entitled: "Exclusions – "ALL ASSAULT OR BATTERY."

    B.  Belz GP is not a scheduled "Additional Insured" under the terms of the Nautilus Policy;

    C.  Coverage is excluded under the Nautilus Policy pursuant to Endorsement Form L216 07/09 Amendment of Definitions –Insured Contract (Limited Form);

    D.  Coverage is excluded for any allegations under endorsement form L217 (06/07) Exclusion – Punitive Or Exemplary Damages for punitive and/or exemplary damages and for any medical payments under Coverage Form CG 0001 12-04;

    E.  Nautilus has no duty to defend or otherwise indemnify Ms. Tenort, The Bar of North Memphis or Belz Investco GP under the Nautilus Policy (No. NN 237847) for any damages attributable for the injuries which are alleged in the Brown Complaint.

In addition to this declaratory relief, Nautilus prays that:

    F.  That the Court grant Nautilus its Rule 54 discretionary costs; and

    G.  The Court grant Nautilus such other and further relief to which Nautilus may be entitled as a matter of law or equity.

Respectfully submitted

/s/ William S. Walton_____
William S. Walton, #11177
bill.walton@butlersnow.com
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 Third Avenue South, Ste. 1600
Nashville, TN 37201
Telephone:  (615) 651-6700

*Attorneys for Nautilus Insurance Company*

ButlerSnow 19209590v1